DAVID KAPLAN, Plaintiff, *v.* NEW YORK LIFE INSURANCE COMPANY, Defendant.

City Court of New York, Trial Term, New York County, June 11, 1936.

*Justin S. Galland,* for the plaintiff.

*Louis H. Cooke,* for the defendant.

WENDEL, J. Plaintiff sues to recover certain disability benefits under a policy of insurance issued in 1920 by the defendant on the life of the plaintiff. The face amount of the policy is $5,000 and the annual premiums thereunder are $234.05, payable on January sixth in each year. Among other things, the policy contains the following provisions relating to total and permanent disability:

Whenever the company receives due proof, before default in the payment of premium, that the insured, before the anniversary of the policy on which the insured's age at nearest birthday is sixty years and subsequent to the delivery hereof, has become wholly disabled by bodily injury or disease so that he is and will be presumably thereby permanently and continuously prevented from engaging in any occupation whatsoever for remuneration or profit, and that such disability has then existed for not less than sixty days — the permanent loss of the sight of both eyes, or the severance of both hands or of both feet, or of one entire hand and one entire foot to be considered a total and permanent disability without prejudice to other causes of disability — then

" 1. Waiver of Premium.— Commencing with the anniversary of the policy next succeeding the receipt of such proof, the company will on each anniversary waive payment of the premium for the ensuing insurance year, and, in any settlement of the policy, the company will not deduct the premiums so waived. The loan and surrender values provided for under sections 3 and 4 shall be calculated on the basis employed in said sections, the same as if the waived premiums had been paid as they became due.

" 2. Life Income to Insured.— One year after the anniversary of the policy next succeeding the receipt of such proof, the company will pay the insured a sum equal to one-tenth of the face of the policy and a like sum on each anniversary thereafter during the lifetime and continued disability of the insured. Such income payments shall not reduce the sum payable in any settlement of the

policy. The policy must be returned to the company for indorse-ment thereon of each income payment. If there be any indebted-ness on the policy the interest thereon may be deducted from each income payment."

In April, 1933, plaintiff served on defendant his claim for disability benefits under the foregoing policy provisions. In said claim it was stated that the insured was wholly and permanently disabled from engaging in any occupation whatever for remuneration or profit, and would be so disabled for life. Also that such disability had existed since October 2, 1929.

Defendant thereafter, pursuant to the above disability provisions, waived payment of premiums for the insurance years beginning January 6, 1934, 1935 and 1936, and made annual income payments to the assured in the sum of $500 each as of January 6, 1935, and 1936.

Plaintiff paid to defendant the annual premiums which became due on January 6, 1930, 1931, 1932 and 1933. It is now sought to recover the amount of such premiums, and also income payments of $500 each alleged to be due plaintiff as of January 6, 1931, 1932, 1933 and 1934.

The right to the recovery of these sums is based on plaintiff's claim that he was totally disabled within the meaning of the above policy provisions prior to September 29, 1929, and that on or about said date defendant received due proof of such disability and that same had existed for more than sixty days prior thereto. It is conceded that no formal proof of claim for total and permanent disability was submitted by plaintiff to defendant prior to April, 1933. It appears, however, that plaintiff, on or about September 29, 1929, called at the home office of defendant and at such time under-went a so-called conservation medical examination by one of the physicians in defendant's medical department. This examination is one which the company entitles its policyholders to have made at its expense. This examination is made for any policyholder, not oftener than once a year, but is not made for the purpose of determin-ing whether or not any policyholder has any claims under his policy. At such examination of plaintiff he was advised that he had a heart condition requiring attention and was advised to consult a heart specialist. Plaintiff subsequently, and on or about October 2, 1929, consulted his physician.

Though plaintiff's claim for disability benefits was not filed with defendant until April, 1933, it was stated therein that such disability had existed since October 2, 1929, the date on which he was exam-ined by his physician as above stated. It is now claimed that such disability existed on September 29, 1929, when he was examined by

a physician of defendant and that by reason of such examination defendant had knowledge of such disability and consequently such knowledge constituted the due proof necessary to entitle plaintiff to disability benefits accruing thereafter.

Under the policy provisions, disability benefits accrued to plaintiff only for the period succeeding the receipt of due proof of disability as defined in the policy. The claim filed by plaintiff in April, 1933, was such proof. The examination of plaintiff by defendant's physician in September, 1929, was not. At the time of such examination plaintiff did not claim disability. Besides, even assuming, without so finding, that the examination indicated the disability of plaintiff, the defendant, in the absence of claim of such disability by plaintiff, was not chargeable with proof of a claim not asserted by him. In fact, the acts of plaintiff in continuing to pay the premiums under the policy, together with his failure to claim disability until April, 1933, clearly show that no claim for disability was made prior to such time. And even though, as now claimed, the failure to comply with the requirements as to due notice was due to the failure of plaintiff to understand his rights under the policy, such ignorance on his part does not excuse his non-compliance with the policy requirements.

Judgment for defendant. Findings passed upon. Submit decision accordingly. Plaintiff may have ten days' stay of execution and thirty days to make and serve a case.